IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| TERIQUE HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 323-094 |
| | ) | |
| ANDREW MCFARLANE; VERONICA | ) | |
| STEWART; RICKY WILCOX; TONJA | ) | |
| KEITH; DARRELL WOOTEN; DENISHA | ) | |
| FOSTER; WILLIAM SIKES; JIMMY | ) | |
| KELLUM; ANTOINETTE JOHNSON; | ) | |
| OFFICER LEWIS; OFFICER BRANCH; | ) | |
| OFFICER GARRETTE; OFFICER | ) | |
| GALLAGHER; OFFICER CHABENNAU; | ) | |
| OFFICER CRAY; OFFICER JONES; | ) | |
| OFFICER CHAMBERS; OFFICER BROWN | ) | |
| OFFICER SMITH; OFFICER PAULK; | ) | |
| OFFICER WOODARD; OFFICER MOORE; | ) | |
| OFFICER WALLACE; CERT TEAM | ) | |
| OFFICER CLARK; CERT TEAM OFFICER | ) | |
| WILCOX; OFFICER GRIFFIN; | ) | |
| COUNSELOR CHANEY; COUNSELOR | ) | |
| HILL; COUNSELOR BEST; COUNSELOR | ) | |
| MILLER; COUNSELOR HOWELL; | ) | |
| COUNSELOR WATELY; NURSE | ) | |
| RAY-BORNE OMAGAVER; NURSE | ) | |
| UPTON GROVE; NURSE MEYER; | ) | |
| DOCTOR CHENEY; NURSE MORGAN; | ) | |
| OFFICER HAMILTON; OFFICER | ) | |
| HARDENER; OFFICER GIDEON; | ) | |
| TELFAIR STATE PRISON; and TYRONE | ) | |
| OLIVER, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at Telfair State Prison in Helena, Georgia,

commenced the above-captioned case *pro se* and requested permission to proceed *in forma*

*pauperis* ("IFP").  On December 14, 2023, the Court directed Plaintiff to return his Prisoner

Trust Fund Account Statement and Consent to Collection of Fees forms within thirty days

and advised Plaintiff all prisoners, even those proceeding IFP, must pay the filing fee of

$350.00 in full.  28 U.S.C. § 1915(b)(1).  (See doc. no. 5, pp. 1-4.)  The Court also directed

Plaintiff to submit an amended complaint within that same thirty-day period.  (See id. at 4-6.)

Plaintiff was cautioned failure to respond would be an election to have this case voluntarily

dismissed without prejudice.  (See id. at 6.)  The time to respond has passed, and Plaintiff has

not submitted the IFP documents or an amended complaint as required by the Court's

December 14th Order.  Nor has he provided the Court with any explanation why he has not

complied.

Plaintiff cannot proceed IFP unless he submits the requisite Trust Fund Account

Statement and consents to collection of the entire $350.00 filing fee in installments.  Wilson

v. Sargent, 313 F.3d 1315, 1319, 1321 (11th Cir. 2002) (citing 28 U.S.C. § 1915).  Moreover,

a district court has authority to manage its docket to expeditiously resolve cases, and this

authority includes the power to dismiss a case for failure to prosecute or failure to comply

with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.,

556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala.

Dep't of Hum. Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts

possess the ability to dismiss a case . . . for want of prosecution based on two possible

sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their

dockets.").  Also, the Local Rules of the Southern District of Georgia dictate that an

"assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for

want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of

any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable

promptness."  Loc. R. 41.1 (b) & (c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to return the necessary IFP papers and file an amended complaint, or even to provide the Court with an explanation for his failure to comply with the Court's December 14th Order amounts not only to a failure to prosecute, but also an abandonment of his case.  This is precisely the type of neglect contemplated by the Local Rules.  Plaintiff has been warned that failing to return the necessary IFP papers and submit an amended complaint would be an election to have his case voluntarily dismissed.  (See doc. no. 5, p. 6.)  As Plaintiff has neither fulfilled the requirements for proceeding IFP, nor paid the full filing fee, and because the imposition of monetary sanctions is not feasible in light of the initial request to proceed IFP, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 31st day of January, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3